STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
| --- | --- | --- |
| McLean Enterprises Quarry - Act 250 reconsideration | } | Docket No. 224-10-05 Vtec |
| (Appeal of Hunter, et al.) | } | |
|  | } | |

Scheduling Order and Entry Order on Motion to Stay District Commission Hearing

In the underlying proceedings, the District 8 Environmental Commission is considering Application #2S1147-1(Reconsideration), which is Appellee-Applicant's Motion to Reconsider the denial of its application for a quarry and associated buildings in the Town of Cavendish. The District Commission has set three days of hearings for November 2, 3 and 9, with a site visit to be held prior to the hearing on November 2, 2005.

The District 8 Environmental Commission held a Prehearing Conference on September 28, 2005. A "Prehearing Conference Report and Order" issued by the District Commission on October 7, 2005, made preliminary party status determinations, and established the issues for hearing as Criteria 5 and 9(K), regarding traffic safety and congestion, and impacts on adjacent public investments; Criterion 8, regarding historic sites and aesthetic issues; and Criterion 10, regarding the project's conformance with the local

and regional plans.

On October 20, 2005, the Town of Cavendish wrote to the District Commission to request a stay of the hearing, in that the Commission had not yet ruled on two motions to dismiss the proceedings, and in that a mediation session had been scheduled for November 14. No party provided any ruling by the District Commission on this request.

On October 21, 2005, twelve individual Appellants filed in Environmental Court a Notice of Appeal of the Prehearing Conference Report and Order. The Notice of Appeal sought to raise issues relating to party status, parcel size, the scope of the District Commission proceedings, motions to dismiss still then pending at the District Commission, and restoration of a hillside. In addition, it contained a motion to stay the scheduled District Commission hearings. As to the party status issues, it was not filed as required by V.R.E.C.P. 5(d)(1), as a motion, together with a notice of appeal, and was not filed within ten days of the decision of the district commission appealed from. It was sent to those listed on the District Commission service list, but there is no indication whether it was served on them as provided in V.R.E.C.P. 5(b) (as modified by 5(d)(1)). As to the other issues, it did not contain a statement of the statutory or rule provisions under which Appellants assert that this Court has jurisdiction of such an interlocutory appeal from a District Environmental Commission Prehearing Conference Report and Order.

Due to the very short time between the filing of the purported appeal and the

scheduled hearing, there was not enough time to allow the time provided by rule for the other parties to enter their appearances and file their positions on the motion for stay of the hearing. Accordingly, on October 25, 2005, the Court scheduled a telephone conference for Thursday, October 27, 2005, at 3:30 p.m., to be held through a conferencing service so that any prospective parties could call in. The notice of the conference was sent to the entire District Commission service list, together with a copy of V.R.E.C.P. 5(d)(1) governing appeals of interlocutory district commission party status decisions. Unfortunately, the notice as mailed out contained an incorrect time for the conference; the staff of the Court therefore telephoned all the Appellants and prospective parties for whom they could find telephone numbers, to inform them of the correct time for the conference.

In the morning of October 27, 2005, Attorneys Hans Huessy and James P.W. Goss faxed to the Court a copy of their entry of appearance on behalf of Appellee-Applicant. Later in the morning they faxed a copy of the District 8 Environmental Commission's Second Prehearing Conference Report and Order, issued on October 24, 2005, in which the District Commission denied two motions to dismiss, granted in part a motion of the Division for Historic Preservation, and tabled objections to the preliminary party status determinations to be considered in its final rulings on party status in its final decision in the case. The District Commission also declined to rule on the question of

whether five previously-approved house lots should be included with the involved land for this project, ruling that the question must be submitted to the district coordinator for a jurisdictional opinion. The District Commission did not mention the Town's request to stay the scheduled hearing.

The following individuals participated in the telephone conference on October 27, 2005, held with Judge Wright and recorded on audio tape: Appellant William A. Hunter, Appellant Marcia Packlick, Appellant Tim Jefferson, Mr. William G. Kerns for the Southern Windsor County Regional Planning Commission (which has not yet entered its appearance in this matter), Attorneys Hans Huessy and Erin Gilmore for Appellee-Applicant; and Attorney John H. Hasen for the Natural Resources Board (which has not yet entered its appearance in this matter). Attorney George McNaughton, on behalf of Appellant John Mills, attempted to call in to the conference but was unable to get through; the Court Manager advised him afterwards of what had occurred.

Interlocutory Party Status Issues

At the conference, the Court explained that the party status issues under V.R.E.C.P. 5(d)(1) would be treated separately from the other issues, and set November 2, 2005 as the date by which Appellants may file any supplementary or revised motions or notices of appeal pursuant to that rule. Also see 10 V.S.A. §8504(d)(2)(B). Although

not discussed at the conference, if Appellants or any other parties wish to make any motions regarding the timeliness of the appeal, they should file such motions by November 2, 2005 as well. The Court will consider any responsive memos filed on or before November 17, 2005, and has scheduled a motion hearing by telephone for November 21, 2005. If the Court grants the motion to accept the party status appeal, a scheduling conference will be held as soon as possible thereafter to establish a schedule to expedite the hearing and determination of the party status appeal as required by V.R.E.C.P. 5(d)(1).

Other Interlocutory Issues

Also by November 2, 2005, any party may file any motions to dismiss or other motions relating to whether or under what statutory or rule provisions the Court may have jurisdiction of any interlocutory appeal on any issues other than the party status issues discussed above. The Court will consider any responsive memos filed on or before November 17, 2005, and has scheduled a motion hearing by telephone for November 21, 2005.

Request to Stay the District Commission hearings

At the conference, the Court denied the motion to stay the hearing, without

prejudice, and with the understanding that the District Commission could have to schedule an additional day of its hearing if the Court should both grant the motion for interlocutory appeal of the party status issues, and then also grant party status to any participants or on any issues not granted by the District Commission. The grant of a stay at this point in the proceedings would cause much more expense and delay in the rescheduling of witnesses and the commission members' time than it would save by postponing the proceedings until after the Court addresses the potential interlocutory appeal issues. We also note that the statute provides for an automatic stay of the denial of interested person status in municipal cases, 10 V.S.A. §8504(f)(1)(B), but not in Act 250 cases.

Accordingly, it is HEREBY ORDERED that:

1) On or before November 2, 2005, Appellants may file any supplementary or revised motions or notices of appeal related to party status issues under V.R.E.C.P. 5(d)(1), and any party may file any motions regarding the timeliness of the appeal. The Court will consider any responsive memos filed on or before November 17, 2005.

2) On or before November 2, 2005, any party may file any motions to dismiss or other motions relating to whether or under what statutory or rule provisions the Court may have jurisdiction of any interlocutory appeal on any issues other than the party status issues. The Court will consider any responsive memos filed on or before November 17, 2005.

3) Appellants' motion for the Court to stay the scheduled hearing of the District 8 Environmental Commission is DENIED.

4) A further telephone conference and telephone motion hearing will be scheduled for November 21, 2005. If the Court grants the motion to accept the party status appeal, a scheduling conference will be held as soon as possible thereafter to establish a schedule to expedite the hearing and determination of the party status appeal as required by V.R.E.C.P. 5(d)(1).

Done at Berlin, Vermont, this 28th day of October, 2005.

_____

Merideth Wright

Environmental Judge